UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21899-CIV-HOEVELER

MARK TRAVERSO,

    Plaintiff,

vs.

HARBOUR EAST DEVELOPMENT, LTD.,
a Florida Limited Partnership,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court on the Defendant's Motion to Dismiss, filed August 6, 2008. Having reviewed the matter, and in light of a recent decision by the Court of Appeals for the Eleventh Circuit, the Court has determined that dismissal is required, as this Court lacks jurisdiction over this dispute.

## ANALYSIS

Plaintiff executed a "Purchase Agreement" on July 14, 2006, to purchase a double unit in a condominium, "Cielo on the Bay", being developed in North Bay Village, Florida, by Defendant.[1] The purchase price of the double unit was $1,850,000,

---

[1] The following additional documents were executed by the parties:
* Addendum to Contract executed on July 31, 2006

1

and Plaintiff made an initial deposit of $190,900. At some later date Plaintiff made additional deposits, such that a total of $381,800 was paid on deposit for this double unit. Complaint, ¶ 9. On June 11, 2008, Plaintiff notified Defendant that Plaintiff was revoking the contract and seeking a refund of all deposits with interest.

Plaintiff brings this action in an attempt to void the contract and force Defendant to refund Plaintiff's deposit. Count I of Plaintiff's Complaint alleges that Defendant failed to comply with the Interstate Land Sales Full Disclosure Act (ILSA), 15 U.S.C. § 1701, by, *inter alia*, failing to provide a property report (15 U.S.C. §1703(a)(1)) and to advise the buyer of the buyer's right to revoke the contract if such report was not provided timely (15 U.S.C. § 1703(d)(1)), by failing to provide written notice of the opportunity for buyer to timely remedy any default by buyer (15 U.S.C. § 1703(d)(2)), by failing to advise the buyer of the right to receive a refund of a portion of his deposit (15 U.S.C. § 1703(d)(3)), and by failing to unconditionally obligate the seller to complete construction of the condominium within two years of the date of the contract. Complaint, ¶ 21 - 25. Plaintiff claims that the failure to comply with these disclosures provides Plaintiff with the right to revoke the contract pursuant to 15 U.S.C. § 1703(d).

Count II of Plaintiff's Complaint is brought under Fla. Stat. § 718.202, which requires that specific language relating to deposited funds be included in the sale of a

---

\* Supplement Agreement executed on February 19, 2007 (rendering Plaintiff as the sole purchaser and effectively eliminating any potential claim of the co-purchaser Jamie Lang against the Defendant)

\* Additional Addendum or Modification of Contract executed on July 31, 2007 (regarding extension of time for payment of additional deposit, addition of a design feature in the kitchen, and noting Plaintiff's interest in advertising the unit for sale and possibly assigning Plaintiff's interest in the unit).

condominium unit prior to completion of construction.

Defendant seeks dismissal of this action, arguing that there is no basis for this Court to exercise jurisdiction, as the ILSA does not apply. Plaintiff does not dispute that the ILSA is the only alleged basis for federal jurisdiction in this matter, nor does Plaintiff dispute that the Cielo on the Bay development contained less than 100 units and, as such, certain disclosure provisions of ILSA were inapplicable.[2] According to 15 U.S.C. § 1702(b), the disclosure provisions of ILSA generally do not apply to developments "containing fewer than one hundred lots"; this provision has been interpreted to apply to condominiums containing fewer than one hundred units.

Both Plaintiff and Defendant note in their briefs that the then-anticipated decision of the Eleventh Circuit in Pugliese v. Pukka Development is relevant to determining the parties' rights in this case. The appellate decision has been announced, see Pugliese v. Pukka Development, Inc., 550 F.3d 1299 (11th Cir. 2008), and, as predicted by the parties, answers the question presented here.

In Pugliese, the Eleventh Circuit reversed the lower court decision and held that "if the sale or lease of a lot is exempt from *any* ILSA provision under § 1702, then it is also exempt from the right of revocation granted in § 1703(d)." 550 F.3d at 1306. In light of that controlling precedent, Plaintiff's claims that Defendant failed to make certain disclosures, and that such failure provides a right of revocation, must fail. As the parties' contract is exempt from ILSA, there is no basis for federal jurisdiction and

---

[2]Plaintiff concedes that because the Cielo on the Bay development is for less than 100 units, the Defendant was not required to provide a buyer with a property report.

this Court will not exercise supplemental jurisdiction over the state law claims in Count II. Based on the above, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED. This case is closed.

DONE AND ORDERED in Chambers at Miami, Florida this 20th day of ~~February~~ March 2009.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
    Mark S. Mucci
    Kent Harrison Robbins